IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 6:08-117-HMH |
| vs. ) | |
| ) | |
| Lorenzo Rantelle Nicholson, ) | **OPINION & ORDER** |
| ) | |
| Movant. ) | |

This matter is before the court on Lorenzo Rantelle Nicholson's ("Nicholson") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the court summarily dismisses Nicholson's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 12, 2008, Nicholson pled guilty pursuant to a plea agreement to one count of bank robbery and one count of using a firearm during and in relation to a crime of violence.[1] Nicholson was sentenced on March 16, 2009, to 161 months' imprisonment.

Nicholson appealed his conviction. The Fourth Circuit affirmed Nicholson's conviction on February 16, 2010. United States v. Nicholson, No. 09-4281, 2010 WL 547390, at *1 (4th Cir. Feb. 16, 2010) (unpublished). Nicholson filed a petition for a writ of certiorari, which was denied on June 14, 2010. Nicholson v. United States, 130 S. Ct. 3434 (U.S. June 14, 2010). Nicholson filed the instant § 2255 motion on June 13, 2011.[2]

---

[1] Nicholson had selected a jury on November 4, 2008, and the case was scheduled for trial on November 17, 2008.

[2] See Houston v. Lack, 487 U.S. 266 (1988).

1

## II. Discussion of the Law

The court gleaned the following claims from Nicholson's § 2255 motion: (1) ineffective assistance of counsel, (2) involuntary guilty plea, (3) lack of subject matter jurisdiction by the court, (4) a due process violation, (5) an equal protection violation, and (6) denial of meaningful access to the courts. (§ 2255 Mot., generally.)

As an initial matter, Nicholson cannot relitigate issues on collateral review that have already been decided by the Fourth Circuit. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Likewise, Nicholson cannot "recast, under the guise of collateral attack, questions fully considered by" the Fourth Circuit. Id. In its order affirming Nicholson's conviction, the Fourth Circuit held that "the record reveals that Nicholson's guilty plea was knowing and voluntary." Nicholson, 2010 WL 547390, at *1. Based on the foregoing, this claim is without merit.

In addition, Nicholson fails to allege any facts in support of his conclusory claims of lack of subject matter jurisdiction by the court, a due process violation, an equal protection violation, and denial of meaningful access to the courts. Further, "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal quotation marks omitted). On appeal, Nicholson raised two claims: "(1) whether Nicholson's guilty plea was knowing and voluntary and (2) whether his sentence was unreasonable." Nicholson, 2010 WL 547390, at *1. Generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003). Nicholson "must show both (1) 'cause' excusing his . . . procedural default, and (2) 'actual prejudice' resulting from the errors of which

he complains." United States v. Frady, 456 U.S. 152, 167 (1982). Nicholson has failed to show cause or actual prejudice. Therefore, these claims fail. Nicholson alleges ineffective assistance of counsel claims against his trial and appellate counsel. Nicholson was first represented by Janis Hall, who was terminated as counsel on July 9, 2008. On July 9, 2008, Oshun Cyrus Hinton was appointed to represent Nicholson, and he withdrew due to a conflict on August 19, 2008. The magistrate judge appointed Richard Vieth on September 2, 2008, and Mr. Vieth represented Nicholson during his guilty plea and sentencing. Mr. Vieth initially represented Nicholson on appeal. However, Mr. Vieth moved to withdraw as counsel and Kirsten Small was appointed to represent Nicholson on appeal.

To successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Nicholson must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, one must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Because Nicholson tendered a guilty plea, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

As an initial matter, Nicholson's ineffective assistance of counsel claims against Ms. Hall and Mr. Hinton are wholly without merit because he cannot show any prejudice. Ms. Hall and Mr. Hinton withdrew from the case several months before Nicholson entered his

3

guilty plea and were not involved in Nicholson's decision to enter a guilty plea. Therefore, these claims warrant no further consideration.

Nicholson alleges that Mr. Vieth was ineffective in failing to adequately investigate the case, review discovery, file certain motions, and properly advise or communicate with Nicholson. Further, Nicholson alleges that Mr. Vieth's sole plan was to get Nicholson to plead guilty and that he tricked him into pleading guilty. (Mem. Supp. § 2255 Mot. 15-25.) Nicholson submits that he moved to relieve Mr. Vieth as counsel on October 28, 2008, and that he signed his plea agreement "under duress" on November 12, 2008. (Id. at 25.)

The court construes Nicholson's claim that Mr. Vieth was ineffective as arguing that counsel was ineffective for advising Nicholson to plead guilty. A defendant can challenge the voluntary and intelligent character of the guilty plea by demonstrating that the advice he received from counsel "was not within the range of competence demanded of attorneys in criminal cases." Tollett v. Henderson, 411 U.S. 258, 266-67 (1973) (internal quotation marks omitted). "[C]ounsel may . . . advise his client to plead guilty if that advice falls within the range of reasonable competence under the circumstances." United States v. Cronic, 466 U.S. 648, 656 n.19 (1984). Nicholson has not presented the court with any evidence to support his claim that counsel's advice fell below an objective standard of reasonableness. As an initial matter, Nicholson withdrew his motion to appoint new counsel on November 4, 2008. Nicholson received the benefit of acceptance of responsibility for pleading guilty. Moreover, when asked whether he was satisfied with the representation of his attorney, Nicholson answered, "Yes." (Guilty Plea Tr. 4.) When asked if he had any complaints of his attorney or anyone in connection with the case, Nicholson also responded, "No." (Id.) During his guilty

4

plea hearing, Nicholson stated that no one forced, threatened, or coerced him to plead guilty. (Id. at 8.) Nicholson was advised of the charges, the potential penalties, the elements of the offense, and the rights that he was waiving by pleading guilty. (Id. at 4-8.) Nicholson was asked whether he "thoroughly reviewed" the plea agreement and whether he understood "each and every provision of the agreement." (Id. at 9.) Nicholson answered, "Yes, sir." (Guilty Plea Tr. at 9.) Further, Nicholson admitted his guilt multiple times. (Id. at 8, 13.) Thus, Nicholson has failed to show that his counsel was ineffective or that he has suffered any prejudice in his counsel advising him to plead guilty.

In addition, Nicholson's claims that Mr. Vieth was ineffective for failing to conduct an adequate investigation, review discovery, file pretrial motions, and advise and communicate with Nicholson fail. (Mem. Supp. § 2255, generally.) Nicholson pled guilty. "A voluntary and intelligent plea of guilty is an admission of all the elements of a formal criminal charge . . . and constitutes an admission of all material facts alleged in the charge." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (internal quotation marks and citations omitted). "Furthermore, a guilty plea constitutes a waiver of all nonjurisdictional defects . . . including the right to contest the factual merits of the charges." Id. (internal quotation marks and citations omitted); Clarke v. Cain, No. 95-30849, 1996 WL 255287, *2 (5th Cir. May 1, 1996) (unpublished) ("A valid guilty plea waives all nonjurisdictional defects, including ineffectiveness of counsel, unless counsel's error affected the voluntariness of the plea."). Based on the foregoing and as set forth above, Nicholson's voluntary and intelligent guilty plea waived this claim. Moreover, Nicholson provides no factual support to show that

Mr. Vieth was objectively unreasonable or that Nicholson was prejudiced by Mr. Vieth's failures.

Lastly, Nicholson alleges that his appellate counsel, Ms. Small, was constitutionally ineffective in failing to adequately present certain arguments on appeal. (Mem. Supp. § 2255 at 26-27.) Nicholson provides no facts in support of his conclusory claims against Ms. Small. Nicholson's bare allegations fail to raise any inference that Ms. Small was objectively unreasonable in failing to raise additional arguments on appeal. Further, Nicholson provides no evidence of prejudice. Based on the foregoing, Nicholson's § 2255 motion is summarily dismissed.

It is therefore

**ORDERED** that Nicholson's § 2255 motion, docket number 196, is dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Nicholson has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
June 20, 2011

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.